UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWIN GARCIA,<br><br>                    Plaintiff,<br><br>          v.<br><br>L.A. COUNTY SHERIFF<br>DEPARTMENT et al.,<br><br>                    Defendants. | No. CV 15-08329-DOC (DFM)<br><br>MEMORANDUM AND ORDER<br>DISMISSING FIRST AMENDED<br>COMPLAINT WITH LEAVE TO<br>AMEND |

**I.**

**BACKGROUND**

On October 21, 2015, Plaintiff, a prisoner currently housed at the Corcoran State Prison in Corcoran, California, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1 ("Complaint"). Plaintiff originally filed in the Eastern District of California; because the allegations relate to Plaintiff's confinement in Los Angeles County Jail, the case was transferred to this Court. Dkt. 3. On November 23, 2015, Plaintiff filed an "amendment" to his complaint, seeking to add a claim that he neglected to include in the original complaint. Dkt. 7 ("Amendment"). The Court considered the

Complaint and Amendment together.

The Complaint and Amendment named 32 different Defendants in their individual and official capacities. Complaint at 1-2; Amendment at 1, 3-5.[1] Plaintiff alleged violations of various constitutional rights. Complaint at 4-12; Amendment at 3, 6. On January 22, 2016, this Court dismissed Plaintiff's Complaint with leave to amend. Dkt. 9. On May 9, 2016, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 14.

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the FAC to determine whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.

## DEFENDANTS

Plaintiff appears to bring the FAC against the same defendants as in his original Complaint, namely: (1) L.A. County Sheriff Department; (2) Sheriff McDonnell; (3) Morales; (4) Flores; (5) Twin Tower LRC Deputies; (6) Liberator; (7) Arievalos; (8) Lujan; (9) Pena; (10) Rodriguez; (11) Rodriguez; (12) Macia; (13) Gonzalez; (14) Prestwich; (15) Touri; (16) Para; (17) Montesi; (18) medical staff; (19) Valencia; (20) Ruff; (21) Jones; (22) Zamora; (23) Baudino; (24) Deboom; (25) Ramirez; (26) Preston; (27) 172 Floor Deputies and Supervisors; (28) Leef; (29) Martinez; (30) Martinez; (31) Parks; and (32) Hall. Complaint at 1-2; Amendment at 1, 3-5; FAC. Plaintiff does not state whether he brings his claims against the defendants in an official or individual capacity, or both. The Court therefore assumes that Plaintiff asserts his claims against the individual defendants in their individual capacity only.

---

[1] All page references are to the CM/ECF pagination.

### III.

### STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").

## IV.

## DISCUSSION

### A.    Plaintiff's Failure to Allege Personal Involvement

In order to state a § 1983 claim, Plaintiff must allege that particular defendants personally participated in the alleged rights deprivations. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002); Dkt. 9 at 9-11. Plaintiff makes no such allegations of personal participation against the defendants that consist

of undifferentiated groups—specifically, the "Twin Tower LRC Deputies," "medical staff," and the "172 Floor Deputies and Supervisors." Plaintiff's claims against these defendants are subject to dismissal. See Jones, 297 F.3d at 934 (holding that police officers could not be held liable under § 1983 for damages caused in an unreasonable search under the Fourth Amendment based on mere membership in a searching party and absent evidence of personal involvement in causing the damages).

Plaintiff makes no allegations at all against certain individual defendants (Prestwich, Touri, Montesi, Jones, and Preston), and his only allegation against Leef and Lee is that they could not explain to Plaintiff why his property had been taken away.[2] See FAC at 16. The difference between the two "Rodriguez" defendants and the two "Martinez" defendants is unclear, and the Court cannot tell whether Plaintiff brings allegations against each of these individuals. To the extent that Plaintiff fails to identify any specific act or omission on the part of any Defendant personally in bringing about the constitutional violations alleged, the Complaint fails to state a claim against these Defendants.

**B.** **Plaintiff's Failure to State a Claim against the Sheriff's Department**

Plaintiff fails to state a § 1983 claim against the L.A. County Sheriff's Department. The term "persons" under § 1983 does not encompass municipal departments or sub-departments. Vance v. County of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996); Smith v. Cnty. of Los Angeles, No. 12-02444, 2013 WL 1829821, at *7 (C.D. Cal. Mar. 12, 2013) (dismissing the Sheriff's Department because it "is a municipal department of the County and is therefore not a properly named defendant in this § 1983 action").

---

[2] Plaintiff fails to name as defendants other individuals he accuses of misconduct (Garcia and Dominguez).

Even if Plaintiff named the appropriate defendant (Los Angeles County), his claim would fail. A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 694 (1978). Thus, Los Angeles County may not be held liable for the actions of the individual defendants whose alleged conduct gave rise to Plaintiff's claims unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Id. at 690-91.

Here, Plaintiff's has alleged no unconstitutional policy. Instead, Plaintiff alleges a series of claims that involve individual defendants in their personal capacity. Plaintiff's claim for damages against the Sheriff's Department is insufficient to state a claim.

**C.   Plaintiff's Failure to State a Claim against Sheriff McDonnell on the Basis of Supervisory Liability**

As previously explained to Plaintiff, supervisory personnel such as Sheriff McDonnell generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See, e.g., Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991); Dkt. 9 at 11-13. Plaintiff continues to fail allege that McDonnell personally participated in the underlying alleged violations of Plaintiff's constitutional rights.

The Ninth Circuit has concluded that, at least in cases where the applicable standard is deliberate indifference (such as for an Eighth Amendment claim), <u>Iqbal</u> does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011). The Ninth Circuit thus held:

> A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' '[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.' 'The requisite causal connection can be established . . . by setting in motion a series of acts by others,' or by 'knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.' 'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'

<u>Id.</u> at 1207-08 (internal citations omitted, alterations in original). In addition, to premise a supervisor's alleged liability on a policy promulgated by the supervisor, a plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation.

See, e.g., City of Canton v. Harris, 489 U.S. 378, 385 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Plaintiff does not set forth any factual allegations that McDonnell either personally promulgated any policy that had a direct causal connection with the constitutional injuries of which Plaintiff complains or knowingly acquiesced to the other Defendants' alleged conduct. Plaintiff's claims against McDonnell are subject to dismissal.

**D.   Plaintiff's Deficient Eighth Amendment Claims**

**1.   Excessive Force**

The Eighth Amendment bars using excessive physical force against inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To prevail on an Eighth Amendment excessive force claim, the plaintiff must show that the force used against him was not "applied in a good faith effort to maintain or restore discipline[, but rather] maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). "Not every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (quoting Hudson v. McMillan, 503 U.S. 1, 9 (1992) (quotation marks omitted)). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7.

Plaintiff claims that on June 24, 2015, when Plaintiff refused to "unboard" until his "issues [were] resolved," Martinez threatened to break his

neck, slammed a door close to Plaintiff's head (causing a laceration to Plaintiff's head), and told "someone" to pepper spray Plaintiff. FAC at 18. While verbal threats do not violate the Eighth Amendment (see Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)), Plaintiff may state a claim with respect to the laceration. However, Plaintiff also claims that on May 26, 2015, while being taken to "the hole," Rodriguez pushed him up against a wall; Plaintiff alleges no injury from that event and does not explain why the force was not de minimis. FAC at 10-11.

While Plaintiff arguably states excessive force claims against the unnamed deputy who allegedly chained him up and left him unable to breathe for hours, and Garcia who allegedly failed to intervene, Plaintiff names neither of these men as defendants. See Complaint at 1-2; Amendment at 1, 3-5; FAC at 1. If Plaintiff wishes to bring claims against them, he should name them as defendants in his Second Amended Complaint.

**2.     Deliberate Indifference**

a.     Medical Care

To establish an Eighth Amendment claim that prison authorities provided inadequate medical care, a plaintiff must show that a defendant was deliberately indifferent to his serious medical needs. Helling v. McKinney, 509 U.S. 25, 32 (1993); Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference may be manifested by the intentional denial, delay, or interference with a plaintiff's medical care, or by the manner in which the medical care was provided. See Estelle, 429 U.S. at 104-05; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

A defendant must purposefully ignore or fail to respond to a plaintiff's pain or medical needs. McGuckin, 974 F.2d at 1060. A plaintiff must allege that, subjectively, a defendant had a "sufficiently culpable state of mind" when

9

medical care was refused or delayed. <u>Clement v. Gomez</u>, 298 F.3d 898, 904 (9th Cir. 2002) (citing <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1076 (9th Cir. 1995)). A defendant must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 837. An inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. <u>See</u> <u>Estelle</u>, 429 U.S. at 105-07; <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Shapley v. Nev. Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985).

The Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106; <u>see, e.g.</u>, <u>Anderson v. Cty. of Kern</u>, 45 F.3d 1310, 1316 (9th Cir. 1995); <u>McGuckin</u>, 974 F.2d at 1050; <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff claims that he did not receive prompt enough medical attention from Gonzalez, Valencia, Ruff, Arievalos, Pena, Rodriguez, and Lujan for complaints of chest pain, self-inflicted foot injuries, high blood pressure, and a hunger strike. <u>See</u> FAC at 3, 4, 6, 9, 10, 17. Plaintiff has not set forth sufficient allegations that any of these defendants had a sufficiently culpable state of mind when medical care was refused or delayed, and has also not set forth

10

1   sufficient allegations of a serious medical need at the time of refusal or delay.

2   Plaintiff therefore does not appear to state a deliberate indifference claim with

3   respect to medical care.

4                b.      Prison Conditions

5        "The Constitution ... 'does not mandate comfortable prisons,' and only

6   those deprivations denying 'the minimal civilized measure of life's necessities,'

7   are sufficiently grave to form the basis of an Eighth Amendment violation."

8   Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations omitted). In

9   addition, a prison official must exhibit "deliberate indifference" to violate the

10  Eighth Amendment. Id. at 297. To show "deliberate indifference," the plaintiff

11  must satisfy two requirements. First, the deprivation or harm suffered by the

12  prisoner must have been "sufficiently serious," that is, "the inmate must show

13  that he is incarcerated under conditions posing a substantial risk of serious

14  harm." Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 298). And

15  second, the prison official must have a sufficiently culpable state of mind, or

16  one of deliberate indifference to inmate health or safety. Id. at 834. The mental

17  state of deliberate indifference is equivalent to that of reckless disregard; to be

18  liable, the prison official must know of and disregard an excessive risk to

19  inmate health or safety. Id. at 836–37.

20       Plaintiff arguably states a deliberate indifference claim that certain

21  guards passed out used razors and denied him several meals in a row, and that

22  he did not have access to running water for seven days despite telling several

23  guards about the problem. See FAC at 4, 7, 8, 17, 19. Plaintiff otherwise fails

24  to state a deliberate indifference claim based on prison conditions. He alleges

25  that Pena and Macia "let" inmates try to cut Plaintiff in January and March

26  2015, but without further details about what was said or done by Pena or

27  Macia, Plaintiff's claim is conclusory. See FAC at 15. Neither Lujan's joking

28  regarding the incidents, nor Pena and Gonzalez supposedly calling Plaintiff a

11

1  "chrono," nor Parks's claim that he would look into whether Plaintiff's
2  complaint was lost, amount either to a denial of the minimal civilized measure
3  of life's necessities or reckless disregard for Plaintiff's health or safety. Id.

4       Last, Plaintiff alleges, without further detail, that Morals and Flores
5  ignored complaints he filed about deputies trying to get other inmates to attack
6  him in November 2014. FAC at 2. Plaintiff's claim is conclusory and subject to
7  dismissal.

8  **E.**    **Plaintiff's Deficient Due Process Claims**

9       **1.**    **Deprivation of Property**

10      The Due Process Clause protects prisoners from being deprived of
11 property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556
12 (1974). The deprivation of a prisoner's property that results from an
13 "established state procedure" may violate the Due Process Clause. Hudson v.
14 Palmer, 468 U.S. 517, 532 (1984). However, a deprivation of property caused
15 by conduct that is negligent, or intentional but "random and unauthorized,"
16 does not violate the Due Process Clause "if a meaningful postdeprivation
17 remedy for the loss is available." Id. at 533.

18      Here, Plaintiff alleges that "172 Twin Towers Officers" intentionally or
19 negligently threw out his shoes, glasses, and vending cards, and that Lujan
20 took away his papers, books, and canteen. FAC at 14, 16. Plaintiff does not
21 allege facts supporting an actionable claim under the Due Process Clause
22 where his deprivation resulted from an established state procedure. Thus,
23 Plaintiff's loss is actionable only if a "meaningful postdeprivation remedy" is
24 unavailable. Hudson, 468 U.S. at 533. If Plaintiff has sufficient facts to allege
25 such a claim, he must do so in an amended complaint. Plaintiff also alleges
26 that Parks "swept [Lujan's actions]" under the rug, but without more, this is
27 entirely conclusory and does not state a claim against Parks. See FAC at 16.

28

2.      **Denial of Access to Fair Hearing**

Section 1983 offers no redress for a violation of a state law or state-mandated procedure that does not amount to a constitutional violation. Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997); West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . .").

Plaintiff claims that his due process rights were violated when he was not given a fair hearing on an administrative grievance. FAC at 3, 5. Plaintiff argues that Flores and Morales denied him the right to gather evidence, question witnesses, call witnesses, face his accusers, and denied him a copy of Title 15. Id. at 3, 5. Plaintiff also alleges that several of his complaints have been "ignored" or unanswered. Id. at 2, 4, 6, 7, 8, 14. However, as this Court has already informed Plaintiff, he has no constitutional right to an effective grievance or appeal procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure, therefore, "the actions of the prison officials in reviewing [Plaintiff's] internal appeal cannot create liability under § 1983"); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."). Accordingly, Plaintiff has failed to state a claim with respect to his due process rights in the processing and review of his prison grievances.

F.      **Plaintiff's Deficient Access to Courts Claims**

Prisoners have a constitutional right to meaningful access to the courts. Silva v. DiVittorio, 658 F.3d 1090, 1101–02 (9th Cir. 2011). However, "[t]o establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury." Nevada Dep't of Corr. v.

13

1    <u>Greene</u>, 648 F.3d 1014, 1018 (9th Cir. 2011). Actual injury is "'actual

2    prejudice with respect to contemplated or existing litigation, such as the

3    inability to meet a filing deadline or to present a claim.'" <u>Id.</u> (quoting <u>Lewis v.</u>

4    <u>Casey</u>, 518 U.S. 343, 349 (1996)). "In order to establish actual injury, the

5    inmate must demonstrate that official acts or omissions 'hindered his efforts to

6    pursue a [nonfrivolous] legal claim.'" <u>Phillips v. Hust</u>, 477 F.3d 1070, 1076

7    (9th Cir. 2007) (quoting <u>Lewis</u>, 518 U.S. at 351, 353 (alteration in original)).

8    Moreover, the right is limited to "the capability of bringing contemplated

9    challenges to sentences or conditions of confinement before the courts." <u>Lewis</u>,

10   518 U.S. at 356; <u>see also</u> <u>Simmons v. Sacramento Cty. Super. Ct.</u>, 318 F.3d

11   1156, 1159-60 (9th Cir. 2003).

12          It is not enough for Plaintiff to allege the existence of a claim that was

13   not filed or was filed inadequately. Plaintiff must identify his underlying claim

14   and show that it arguably had some merit. <u>See, e.g.</u>, <u>Flagg v. City of Detroit</u>,

15   715 F.3d 165, 178-79 (6th Cir. 2013) (holding that plaintiff is not required to

16   prove he would have won underlying claim but for government obstruction,

17   but must show that the claim was at least arguably meritorious and not

18   frivolous); <u>Brewster v. Dretke</u>, 587 F.3d 764, 769 (5th Cir. 2009) (holding that

19   failure to identify issue that plaintiff would have presented to the court was

20   fatal to his access to the courts claim); <u>Barbour v. Haley</u>, 471 F.3d 1222, 1226

21   (11th Cir. 2006) (plaintiff alleging denial of access to the courts must identify

22   within his complaint a nonfrivolous, arguable underlying claim).

23          A plaintiff must also show how each defendant caused the plaintiff's

24   injury. <u>See</u> <u>Phillips</u>, 477 F.3d at 1077 (holding that plaintiffs must show that

25   the alleged violation was proximately caused by the state actor); <u>see also</u>

26   <u>Vandelft v. Moses</u>, 31 F.3d 794, 798 (9th Cir. 1994) (finding no actual injury

27   where plaintiff requested library resources after filing deadline had lapsed on

28   one claim and did not show how denial of access to resources for 57 days out

14

of 365 caused the plaintiff's failure to file the other claim); <u>Hayes v. Woodford</u>, 444 F. Supp. 2d 1127, 1134–35 (S.D. Cal. 2006) (holding plaintiff has no access to the courts claim where plaintiff did not explain how insufficient resources actually affected filing).

Plaintiff makes several contentions regarding his access to the courts claim. First, Plaintiff alleges that he was prevented from sending and receiving legal mail and denied the ability to order stamps. FAC at 13. Plaintiff alleges that he requested, but was denied, a copy of Title 15. <u>Id.</u> at 5. As this Court has already informed Plaintiff, it is not clear from Plaintiff's allegations what actual injury was suffered as a result of prison officials' conduct. Plaintiff cannot establish actual injury simply by alleging that he was denied the ability to send and receive legal mail; he must go a step further to show that this denial of access hindered his efforts to pursue a non-frivolous legal claim. <u>See</u> <u>Lewis</u>, 518 U.S. at 351-52; <u>see also</u> <u>Rose v. Kirkman</u>, 301 F. App'x 722, 723 (9th Cir. 2008) (holding that state prison officials' alleged interference with inmate's legal mail did not violate inmate's right of access to courts, absent showing of actual injury). Plaintiff's generalized allegations are not sufficient to show actual injury. <u>See</u> <u>Phillips</u>, 477 F.3d at 1076.

## V.

## CONCLUSION

Because of the pleading deficiencies identified above, the FAC is subject to dismissal. Because it appears to the Court that some of the FAC's deficiencies are capable of being cured by amendment, it is dismissed with leave to amend. <u>See</u> <u>Lopez</u>, 203 F.3d at 1130-31 (holding that pro se litigant must be given leave to amend complaint unless it is absolutely clear that deficiencies cannot be cured by amendment). If Plaintiff still desires to pursue his claims against Defendants, he shall file a Second Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies

discussed above. Plaintiff's Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is strongly encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated:  January 19, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

16